**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHANNON MAGUIRE<br>547 West Emaus Avenue<br>Allentown, PA 18103 | :<br>:<br>:<br>: | CIVIL ACTION |
| Plaintiff, | :<br>: | No.:_____ |
| v. | :<br>: | |
| PHOEBE HOME, INC., d/b/a PHOEBE<br>ALLENTOWN<br>1925 Turner Street<br>Allentown, PA 18104<br>  and<br>PHOEBE-DEVITT HOMES, d/b/a<br>PHOEBE MINISTRIES<br>1922 Turner Street<br>Allentown, PA 18104 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |
| Defendants. | :<br>: | |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1. This action has been initiated by Shannon Maguire (*hereinafter* referred to as "Plaintiff") against Phoebe Home, Inc., d/b/a Phoebe Allentown and Phoebe-Devitt Homes, d/b/a Phoebe Ministries (*hereinafter* collectively referred to as "Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq*.) and the Family and Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et. seq*.). In sum, Plaintiff asserts she was wrongfully and unlawfully removed and terminated from her employment with Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.     JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Easter District of Pennsylvania.

5. Plaintiff is proceeding herein under the Title VII of the Civil Rights Act of 1964, and she has properly exhausted her administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC. *See* Right-To-Sue Letter, attached hereto as "Exhibit A."

## III.     PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendants collectively operate as an enterprise providing nursing-home and long-term care services. They are properly considered single, joint, and/or integrated employers of Plaintiff. During Plaintiff's employment, in documents, and publicly on social media - - Defendants operate and use their names interchangeably as a single organization, share resources, operate from the same location, use the same human resources, and function as the same business operation(s).

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV.     FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a female.

12. Plaintiff was hired by Defendants effective in or about September of 2009; and in total, Plaintiff worked for Defendants for approximately 10 years.

13. Plaintiff was at all times relevant herein a full-time Certified Nursing Assistant ("CNA"). As a CNA, Plaintiff (among other duties) checked on patients, took vitals, provided general care as needed or desired, and assisted other nursing personnel.

14. As of February of 2019, Plaintiff was becoming advanced in her then pregnancy. And she provided her management with a medical note in this same timeframe that indicated she should engage in light duty work, ***with her only actual restriction*** being not to lift anything over 30 lbs.

15. The intent of Plaintiff in providing the note to her management **was not to**: (a) have any duties removed from her normal job; or (b) to change her role in any meaningful way. This is because Plaintiff was fully able to perform her entire job and all applicable duties even with a 30-lb lifting restriction. Instead, Plaintiff provided the medical note to Defendants' management *merely for notice purposes and as a cautionary or prophylactic measure* in the unlikely event something unusual occurred.

16. As of February 2019 (and the timeframe of Plaintiff's termination), she was supervised by one Rhonda Wade (from a Human Resources standpoint). Wade, an approximate 18-year employee of Defendants, had only then recently become an HR Manager (as she previously handled administrative duties for HR as a Coordinator).

17. Plaintiff informed Wade that she was only providing Defendants with a note for her records in the event something unusual occurred or she may have needed an accommodation in the future. Wade immediately made a discriminatory comment to Plaintiff stating: "light duty work is not given to pregnant women, and we only accommodate work injuries." This alone is *per se* gender or pregnancy discrimination, as: (1) Wade admitted others who are not pregnant are in fact accommodated; and (2) Wade exhibited intolerance for pregnancy.

18. Wade told Plaintiff she does not believe Plaintiff should be currently working for Defendants "while pregnant." Plaintiff was removed from work as of February 2019 when she was only several months pregnant, as she was not expected to give birth until in or about late August of 2019.

19. Plaintiff expected this situation to be adjusted after further clarification or discussion, so Plaintiff attempted to reach out to Defendants' management / HR under the summer of 2019. However, Plaintiff was still not permitted to resume working even based upon

her requests in the summer of 2019 and while she attempted clarification of her duties. Plaintiff was in essence completely stonewalled from the spring through the summer of 2019.

20. Numerous former coworkers and supervisory personnel have already confirmed they will testify in this case that: (a) Defendants' organization was completely disorganized; (b) there was very little tolerance for medical accommodation discussions; and (c) Defendants had a practice of only accommodating work injuries and not other health conditions (such as pregnancy) even to the extent Plaintiff could be construed as ever needing an accommodation - - all of which is a pattern and practice of discriminatory behavior by Defendants.

21. Defendants publicly advertised their facility as a no-lift facility, where patients (sometimes internally referred to as "customers") were not allowed to be lifted by a single person. Defendants required the use of mechanical lifts; and in the unlikely event a patient or customer ever fell, staff were prohibited from moving the patient until examination and assistance from others.

22. To the extent Defendant even claimed there was a hypothetical possibility Plaintiff may occasionally need to lift over 30 lbs. (contrary to its own external and internal representations of being a non-lift institution), numerous witnesses will confirm (as will Plaintiff) that there were <u>many</u> different floors and wings Plaintiff could have worked within that were non-lifting and exceedingly easy to accommodate her.

23. Plaintiff was terminated by Defendants *effective* on or about August 22, 2019 (approximately 2 years ago). This was a direct result of discriminatory non-accommodation and discriminatory perceptions of Plaintiff's pregnancy (as well as disparate and unlawful policies of accommodations for only work-related injuries as to worker's compensation).[1]

---

[1] Defendants' institution-wide discrimination culminating in Plaintiff's termination on or about August 22, 2019 constitutes the exact form of pregnancy discrimination prohibited by the Supreme Court of the United States as to

5

24. In addition to the foregoing, Defendants utterly failed to provide Plaintiff with legally-required notifications concerning her Family and Medical Leave Act ("FMLA") entitlements. Plaintiff, a long-term employee, was undoubtedly qualified for federal job protection under the FMLA. And there are numerous federally-required individual notifications that must be sent to Plaintiff during her medical leave (which Defendants did not follow).

25. In fact, Defendants provided a 9-page Position Statement to the Equal Employment Opportunity Commission ("EEOC") and *never once* mentioned FMLA in their very lengthy recitation of factual history pertaining to Plaintiff's forced leave and termination.

26. Per Defendants in an Answer during EEOC proceedings: "On August 29, 2019, the Company sent a letter to Charging Party, recounting the efforts to reach her following the expiration of her leave, and advising that her employment was terminated, effective August 22, 2019. Plaintiff in fact learned of her termination following receipt of the August 29, 2019 correspondence.

27. Had Defendants permitted Plaintiff to work as she could perform all essential functions of her job, Plaintiff would have been able to utilize FMLA leave for approximately 6 weeks when she gave birth in late August of 2022 through September of 2021.

28. Defendants failed to designate Plaintiff's leave as FMLA, failed to follow FMLA notice requirements (such as federal designations, sending certification for submission by Plaintiff, and other documents), and failed to reinstate Plaintiff following her known federally-protected (and anticipated leave).

---

pregnant employees. *See Young v. UPS*, 575 U.S. 206, 229, 135 S. Ct. 1338, 1354, 191 L.Ed.2d 279, 299 (2015)(policies of accommodations for other classes of people but not pregnant workers establishes gender or pregnancy discrimination).

29. To the extent Defendants attempt to *falsely* assert (or feign) that Plaintiff was somehow given the benefit of a 6-month medical leave (as claimed in their EEOC position statement), such an argument would also violate the FMLA. *See e.g. Reddy v. JP Morgan Chase Bank, N.A*., 2012 U.S. Dist. LEXIS 121026, at *13 (S.D. Ohio 2012)(denying motion to dismiss, explaining it constitutes unlawful interference under the FMLA where an employer improperly prejudices an employee by requiring "premature" exhaustion of FMLA entitlements unnecessarily); *Blackett v. Whole Foods Mkt. Grp., Inc*., 2017 U.S. Dist. LEXIS 44115, at *23 (D. Conn. 2017)(denying motion to dismiss as to FMLA interference claim, as employer cannot require forced leave when unnecessary and claim FMLA exhaustion).

30. Plaintiff's termination was point-blank the result of gender and pregnancy discrimination, and it separately constitutes unlawful interference as Defendants knew Plaintiff was giving birth at the time of termination, required a pregnancy (FMLA-qualifying leave), and terminated her without any required notices, designations or reinstatement from such leave.

31. Defendants' actions as outlined in this lawsuit constitute statutory violations of the Title VII of the Civil Rights Act of 1964 ("Title VII") and the Family and Medical Leave Act ("FMLA"). They were knowing, reckless, and intentional.

### Count I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
([1] Gender Discrimination; and [2] Retaliation

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff was removed from work, not brought back through the summer of 2019, and terminated in late August 2019 due to her gender and pregnancy.

34. Plaintiff objected to discriminatory treatment when discriminatory comments were made to her and through the summer of 2019. Plaintiff was not offered FMLA and was terminated due to her concerns of discriminatory treatment. This constitutes unlawful retaliation.

### Count II
### Violations of the Family and Medical Leave Act ("FMLA")
**(Interference)**

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Plaintiff, an FMLA eligible employee, <u>was not</u>: (1) provided with required individualized written notifications of her FMLA rights, designations or entitlements by Defendants; (2) given FMLA during August or September of 2019 when Defendants knew Plaintiff required FMLA leave and was giving birth; and (3) she was not reinstated from an FMLA qualifying leave (and instead was terminated when her FMLA leave was to commence).

37. These and other actions constitute clear interference violations of the FMLA, which were knowingly willful and intentional.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination, interference, and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded punitive and/or liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G. Plaintiff is to receive a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 23, 2021

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Shannon Maguire | : | CIVIL ACTION |
| v. | : | |
| Phoebe Home, Inc., d/b/a Phoebe Allentown, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 8/23/2021 | _[signature]_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

Case 5:21-cv-03743-JLS   Document 1   Filed 08/23/21   Page 11 of 12

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 547 West Emaus Avenue, Allentown, PA 18103

Address of Defendant: 1925 Turner Street, Allentown, PA 18104; 1922 Turner Street, Allentown, PA 18104

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/23/2021   _____ (signature) _____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 8/23/2021   _____ (signature) _____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MAGUIRE, SHANNON

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

PHOEBE HOME, INC., D/B/A PHOEBE ALLENTOWN, ETAL.

County of Residence of First Listed Defendant: Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice | | | | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | [X] 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); FMLA (29USC2601)

Brief description of cause:
Violations of Title VII and the FMLA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 8/23/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

[Print]   [Save As...]   [Reset]